1

2

3

4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

5

6

Ryan Dean, an individual; and Shantina
Strong, an individual,

Case No. 2:25-cv-01274-JAD-DJA

7

Plaintiff,

**Order**

8

v.

9

10

Jacob Theodore Smith, an individual; Daily
Direct, LLC, a foreign limited liability
company; et al.,

11

Defendants.

12

13          This is a personal injury action arising out of a collision between a car driven by Plaintiff

14   Ryan Dean and in which Plaintiff Shantina Strong was a passenger with a truck driven by

15   Defendant Jacob Theodore Smith and owned by Daily Direct, LLC.  Defendants move to amend

16   their answer to assert a counterclaim against Dean (ECF No. 17) and move to supplement that

17   motion (ECF No. 37).  Strong[1] moves to compel Defendants to produce certain insurance

18   agreements (ECF No. 22) and moves to supplement that motion (ECF No. 28).  Defendants move

19   to extend discovery deadlines.  (ECF No. 31).  Defendants also move to compel Strong to

20   undergo a Federal Rule of Civil Procedure 35 examination.  (ECF No. 34).

21          Because the Court finds that Defendants have not sufficiently briefed their motion to

22   amend, have not briefed the correct standard to supplement, and because the supplement does not

23   aid the Court's analysis, the Court denies Defendants' motion to amend and motion to supplement

24

25

26   [1] Both Strong and Dean oppose Defendants' motions to amend their answer and to extend time.
     (ECF Nos. 18, 19, 35).  But only Strong has moved to compel and to supplement and has
27   responded to Defendants' motion to compel Strong's Rule 35 examination and motion to
     supplement.  (ECF Nos. 22, 24, 28, 33, 38, 40).
28

without prejudice.[2]  (ECF Nos. 17, 37).  Because the Court finds that, since Strong has moved to compel, the issues that Strong asks the Court to resolve have changed significantly, the Court denies Strong's motion to compel and motion to supplement without prejudice and vacates its December 23, 2025, hearing on the motion to compel.  (ECF Nos. 22, 28).  Because the Court finds that good cause exists to extend discovery, it grants Defendants' motion to extend time. (ECF No. 31).  Because the Court finds that Defendants have moved to compel a Rule 35 examination while the parties were still discussing the parameters of that examination, the Court denies Defendants' motion to compel without prejudice.  (ECF No. 34).  The Court further orders that, before renewing the motions to compel, the parties must meet and confer and, if they renew any motion, include a declaration setting forth the results of that meet and confer regarding each disputed issue.

I.    **Defendants' motion to amend answer (ECF No. 17) and motion to supplement (ECF No. 37).**

Under Rule 15 of the Federal Rules of Civil Procedure, once a party has amended its pleadings as a matter of course, subsequent amendments are only permitted "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 provides that "[t]he court should freely give leave when justice so requires."  *Id.*  Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Courts consider five factors when deciding whether to grant leave to amend: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

---

[2] The undersigned magistrate judge issues this decision on the motion to amend as an order, and not as a report and recommendation, because the undersigned is denying the motion without prejudice to Defendants seeking to amend again and not on the basis of futility.  *See Morgal v. Maricopa Cty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012) (stating that "[g]enerally a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)" and finding that a magistrate judge has authority where denial of a motion to amend does not prevent new claims or deny on the basis of futility).

to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Court denies both Defendants' motion to amend answer and motion to supplement their motion to amend. Defendants do not provide sufficient information in their motion to amend for the Court to conduct the five factor analysis. And Defendants' motion to supplement cites the wrong standard and does not aid the Court's analysis.[3]

Defendants' move to amend their answer to add two counterclaims—one for negligence and one for contribution—against Dean. (ECF No. 17). Defendants moved to add this counterclaim before the deadline to amend pleadings or add parties passed. But their motion otherwise provides no explanation about when or how they learned they had a potential counterclaim against Dean. Instead, as Plaintiffs point out in response, Defendants' motion addresses each of the *Foman* factors in an entirely conclusory manner.[4] And Defendants' declaration in support of their motion (filed after Plaintiffs' response), and reply in support of it, provide no further facts to aid the Court in its analysis of the *Foman* factors. The Court therefore denies the motion to amend without prejudice.

The Court also denies Defendants' motion to supplement their motion to amend. (ECF No. 37). Defendants' motion seeks to supplement its motion to amend, providing further justification for the counterclaims by referencing and attaching an expert report authored after

---

[3] Defendants' reply in support of their motion to supplement is not yet due. However, the Court does not require Defendants' reply to decide the motion on the grounds it does here.

[4] Plaintiffs also point out that Defendants' motion fails to address the fact that Dean accepted Defendants' offer of judgment and that the Clerk's Office entered judgment against Defendants and in favor of Dean. (ECF No. 15) (notice of acceptance of offer of judgment); (ECF No. 16) (judgment). Plaintiffs argue that the offer of judgment resolved any claims Defendants could have against Dean, an argument that Defendants do not address in reply. However, other than citing Federal Rule of Civil Procedure 68, Plaintiffs provide no legal or factual basis for this argument. "[A] Rule 68 judgment is the product of an agreement between the parties," and so "the parties define the scope of the judgment." *Schosche Indus. Inc. v. VisorGear Inc.*, 121 F.3d 675, 678 (Fed. Cir. 1997); *Tech. Licensing Corp. v. Technicolor USA, Inc.*, 800 F. Supp. 2d 1116, 1119 (E.D Cal. 2011) (finding that a Rule 68 offer of judgment did not operate to extinguish certain of the offeror's counterclaims). Without further argument from the parties, who define the scope of the judgment, the Court declines to decide whether the offer of judgment extinguishes any claims Defendants may bring against Dean.

1   Defendants moved to amend, which report opines that Dean drove negligently.  But Defendants

2   cite to the wrong legal authority for the supplement they seek.  Defendants seek to supplement

3   their motion, which supplementation is governed by Local Rule 7-2(g).  But they cite to Federal

4   Rule of Civil Procedure 15(d), which governs supplemental pleadings.  Even if the Court did

5   consider Defendants' motion to supplement to be brought under Local Rule 7-2(g), their

6   supplement does not aid the Court in its analysis of the *Foman* factors of undue delay and bad

7   faith or dilatory motive on the part of the movant.  The report with which Defendants seek to

8   supplement their motion was authored on November 11, 2025, after Defendants filed their motion

9   to amend and after the deadline to amend pleadings passed.  So, it provides the Court no insight

10  into when or how Defendants learned of their counterclaim against Dean.  The Court therefore

11  denies the motion to supplement without prejudice.[5]

**II.     Strong's motion to compel (ECF No. 22) and motion to supplement (ECF No. 28).**

14          Under Federal Rule of Civil Procedure 37(a)(3)(A), if a party fails to make a disclosure

15  required by Federal Rule of Civil Procedure 26(a), any other party may move to compel

16  disclosure and for appropriate sanctions.  Rule 37(a)(3)(B)(iii) permits a party to move for an

17  order compelling a response to an interrogatory.  Under Rule 37(a)(1), a motion to compel must

18  include a certification that the movant has in good faith conferred or attempted to confer with the

19  party failing to make disclosure or discovery in an effort to obtain it without court action.  Under

20  Rule 37(a)(5)(A), if the motion to compel is granted—or if the disclosure or requested discovery

21  is provided after the motion was filed—the court must, after giving an opportunity to be heard,

22  require the party whose conduct necessitated the motion, the party or attorney advising the

23  conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

24  including attorney's fees.  The Court must not order this payment if the opposing party's

---

[5] Because the Court denies the motion to supplement on these grounds, it does not reach Plaintiffs' argument that Defendants should have also sought to supplement their motion with an expert report opining that Dean had a timely perception and response time in comparison to other drivers.  (ECF No. 40).

1  nondisclosure was substantially justified or other circumstances make an award of expenses

2  unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

3      Here, the Court denies Strong's motion to compel and motion to supplement without

4  prejudice because, since Strong filed her motion to compel, the issues that Strong asks the Court

5  to resolve have changed significantly.  Strong initially asked the Court to compel Defendants to

6  produce insurance agreements "under which an insurance business may be liable to satisfy all or

7  part of a possible judgment in the action or to indemnify or reimburse for payments made to

8  satisfy the judgment" under Federal Rule of Civil Procedure 26(a)(1)(A)(iv).  (ECF No. 22).

9  Defendants assert that they did timely produce their insurance agreement, but that the email

10  appears to have bounced back, so Defendants mailed the insurance agreement to Strong's counsel

11  after Strong filed her motion to compel.  (ECF No. 23).  Strong acknowledges receipt of the

12  mailed insurance agreement, but asserts that the agreement only pertains to Daily Direct and that

13  Defendants did not produce any insurance agreements pertaining to Smith.  (ECF No. 24).

14      Strong also moved to supplement her motion to compel to show that Smith's response to

15  one interrogatory indicates that he does have insurance that he is required to disclose under Rule

16  26(a)(1)(A)(iv), that his response to another interrogatory is contradictory, and that Daily Direct

17  has sent Strong's counsel an affidavit claiming to have no other "commercial liability" insurance.

18  (ECF No. 28).  Defendants argue that Strong's motion to supplement is really a motion to compel

19  further responses to Smith's interrogatories without first meeting and conferring.  (ECF No. 32).

20  Strong maintains in reply that her supplement is necessary to the Court deciding her motion to

21  compel.  (ECF No. 33).

22      From the briefings, it appears that the parties' last meet and confer concerning these issues

23  was on August 27, 2025, before Strong's counsel received Daily Direct's insurance information,

24  before Smith responded to interrogatories, and before Daily Direct provided its affidavit.  (ECF

25  No. 22).  So, it is not clear that the parties have met and conferred regarding their dispute as it

26  now stands before the Court.  Additionally, because the issues have narrowed and changed over

27  the course of the parties' motions, responses, and replies, the issues that the Court must now

28  decide are not fully briefed.  The Court will therefore deny Strong's motion to compel and motion

to supplement without prejudice and will vacate the hearing set for December 23, 2025. The parties must meet and confer regarding their outstanding disputes and, if they cannot resolve them, file the appropriate motion with the Court.

### III.    Defendants' motion to extend discovery (ECF No. 31).

Defendants move to extend the discovery deadlines by about ninety days. (ECF No. 31). Strong opposes, arguing that Defendants have not been diligent in conducting discovery. (ECF No. 35). Defendants replied. (ECF No. 36). Having considered the parties' arguments, and because the Court has denied Defendants' motion to amend and to supplement and denies Strong's motion to compel and to supplement, all four without prejudice, the Court finds good cause to extend the discovery deadlines. *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-6. The Court thus grants Defendants' motion to extend discovery.

### IV.    Defendants' motion to compel Rule 35 examination (ECF No. 34).

Defendants move to compel Strong to undergo a Federal Rule of Civil Procedure 35 examination. (ECF No. 34). Strong responds, arguing that Defendants have not adequately shown that her physical or mental condition is in controversy and that Defendants' proposed examiner is not truly independent. (ECF No. 38). In the event the Court orders the examination, Strong asks that the Court set reasonable parameters for the examination.[6]

Notably, Defendants assert that their counsel met and conferred with Strong's counsel on October 30, 2025, but that Strong's counsel refused to stipulate to the examination and "continues to refuse to stipulate to the examination…" (ECF No. 34). However, Defendants do not attach a declaration of this meet and confer setting forth the details and results of the meet and confer conference. These details are particularly absent given the fact that Defendants attach an email dated November 5, 2025, in which Strong's counsel posed questions regarding some of the Rule 35 examination parameters, objected to others, and stated that they did not object to others. (ECF No. 34-2 at 2). Indeed, in Strong's response, Strong points out that the parties attempted to work

---

[6] The Court enters this order before Defendants' reply is due. However, because the Court decides the motion on the grounds it outlines herein, it does not require a reply.

out these parameters, but that Defendants' counsel never responded to Strong's proposals or concerns.

It appears that Defendants filed their motion to compel while the parties were still attempting to stipulate to the terms of a Rule 35 examination. The Court thus finds a further meet and confer appropriate before it decides the issue of the Rule 35 examination. *See* LR 16-1(d). So, the Court denies Defendants' motion to compel without prejudice and orders the parties to meet and confer regarding Defendants' request that Strong undergo a Rule 35 examination.

**IT IS THEREFORE ORDERED** that Defendants' motion to amend (ECF No. 17) and motion to supplement (ECF No. 37) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Strong's motion to compel (ECF No. 22) and motion to supplement (ECF No. 28) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that the hearing set for December 23, 2025, at 10:00 AM is **vacated.**

**IT IS FURTHER ORDERED** that Defendants' motion to extend discovery (ECF No. 31) is **granted.** The below deadlines shall govern discovery:

| | |
|---|---|
| Initial expert disclosure: | February 9, 2026 |
| Rebuttal expert disclosure: | March 11, 2026 |
| Discovery cutoff: | April 13, 2026 |
| Dispositive motions: | May 12, 2026 |
| Pretrial order: | June 11, 2026[7] |

**IT IS FURTHER ORDERED** that Defendants' motion to compel Rule 35 examination (ECF No. 34) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding the issues raised in Strong's motion to compel and motion to supplement (ECF Nos. 22, 28) and

---

[7] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.

Defendants' motion to compel Rule 35 examination (ECF No. 34) before bringing any renewed

motion for the Court to address these issues.  Any renewed motion must include a declaration

outlining the results of the meet and confer regarding each disputed issue.

DATED: December 1, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE