Byron L. Ames, Esq. (# 7581)
R. Scott Rasmussen, Esq. (# 6100)
**STONE KALFUS LLP**
8965 S. Eastern Ave., Ste. 260
Las Vegas, NV 89123
Telephone: (702) 800-5413
Facsimile: (877) 736-2601
Byron.Ames@stonekalfus.com
*Attorneys for Jacob Theodore Smith*
*And Daily Direct LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEVADA

| | |
|---|---|
| RYAN DEAN, an individual; and SHANTINA STRONG, an individual<br><br>Plaintiffs,<br><br>v.<br><br>JACOB THEODORE SMITH, an individual, and DAILY DIRECT LLC., a Foreign Limited-Liability Company; DOES I-X; unknown persons, and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | Case No. 2:25-cv-01274-JAD-DJA<br><br><br>**STIPULATION AND ORDER FOR PHYSICAL EXAMINATION OF PLAINTIFF**<br><br><br>As amended on pages 3 and 5. |

The parties to this action hereby stipulate and agree as follows:

1. Pursuant to Rule 35 of the Federal Rules of Civil Procedure, the Court may order a party whose mental or physical condition is in controversy to submit to a physical or medical examination by a suitably licensed or certified examiner. See Fed. R. Civ. Proc. 35.

2. In this case, the Court found that a controversy exists regarding the physical condition of Plaintiff, SHANTINA STRONG ("Plaintiff"), and good cause exists for a physical

1

examination of Plaintiff.

3. A physical examination of Plaintiff will be conducted by Clive Segil, M.D., a licensed physician with a specialty in orthopaedics and physical medicine and rehabilitation. The examination will take place on **March 30, 2026**, beginning at approximately **11:15 a.m.**, at **Radar Medical Group, 2810 W. Charleston Blvd., Suite E47, Las Vegas, Nevada 89102**.

4. The examination will be conducted for the purpose of determining the nature and extent of Plaintiff's physical injuries and the relationship thereof to the claims which are the subject of this litigation, and will consist of all necessary and customary activities required to make such a determination, including but not limited to history of the ailments relating to the claims in this lawsuit, and physical examination and evaluation. No questions will be asked by Dr. Segil beyond those necessary to ascertain Plaintiff's medical condition, as it relates to her claims in this lawsuit.

5. It is also agreed by and between counsel that:

a. Third parties, excluding Plaintiff's medical observer, may attend the examination;

b. No invasive or painful procedures will be performed on Plaintiff and no blood will be drawn;

c. The Doctor and his staff will treat Plaintiff with respect;

d. The Doctor will not require Plaintiff to fill out or sign any paperwork at the time of the examination;

e. The Doctor will retain all handwritten notes, e-mails sent and received, and all documents generated or received, including draft reports, related to the examination;

f. The Doctor will produce a copy of his entire file of Plaintiff upon request by Plaintiff's counsel;

g. The Doctor will not speak or attempt to engage any family member or friend who

may accompany Plaintiff to their examination;

h. The Doctor will accurately report his findings and test results;

i. Defendants' counsel, or any other representatives from the defense, will not attend the examination;

j. The examination shall not last longer than 45 minutes unless extraordinary circumstances are provided to Plaintiff's counsel in writing – a week prior to the examination – that justifies additional time;

k. Plaintiff shall not be required to wait in the Doctor's waiting room for longer than 15 minutes, and Defendants ask that Plaintiff timely arrive at least 15 minutes before the examination to ensure her waiting time is minimized;

l. Liability questions may not be asked by the Doctor or any agent or representative during the examination;

m. No x-rays or radiographs will be obtained during the examination;

n. If the Doctor subjects Plaintiff to physical painful or intrusive procedures, Plaintiff reserves the right to immediately terminate the examination;

o. The Doctor and his staff shall not engage in *ex parte* contact with Plaintiff's treating healthcare providers;

p. The Defendants will advise the Doctor that his deposition may be taken in this case, and ask that he cooperates with the scheduling of same and comply with any subpoena for documents;

q. Plaintiff's counsel may arrange to have audio recordings made of the examination, in accordance with ~~FRCP 35(3)-(4)~~ Nev. R. Civ. P. 35(a)(3), and will notify Defense counsel prior to the examination;

r. Any expenses for audio, video, and/or stenographic recording during the

examination initiated by Plaintiff are to be borne by the Plaintiff;

s.    If the Plaintiff intends to have an observer present, the Plaintiff's counsel will notify Defendants' counsel who will be present and their relationship to the Plaintiff;

t.    The Defendants will compensate Plaintiff for mileage to and from the Rule 35 Examination;

u.    Counsel for Defendants will provide a copy of Dr. Segil's report to Plaintiff within 30 days of the examination. The report must be a detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses, and conditions. Fed. R. Civ. Proc. 35(b);

v.    Defense counsel will provide the doctor with a copy of this Order, and will assure that the doctor is aware of the requirements herein prior to the examination taking place.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

w.   If a dispute should arise between the parties regarding the examination ground rules *the parties must meet and confer as defined in LR IA 1-3(f)* as outlined above as 5 (a)-(w), ~~motions shall be filed with the Magistrate Judge, or a Status~~ *and if they cannot resolve the issue, may file the appropriate motion.  See LR 16-1(d).* ~~Conference will be immediately requested.~~

IT IS SO STIPULATED.

Dated this 6th day of February, 2026.                    Dated this 6th day of February, 2026.


STONE KALFUS LLP                                          LAW OFFICE OF DAVID SAMPSON, LLC.


/s/ *R. Scott Rasmussen*                                 /s/ *David F. Sampson*
Byron L. Ames, Esq.                                      David F. Sampson, Esq.
R. Scott Rasmussen, Esq.                                 630 S. Third Street
8965 S. Eastern Avenue, Suite 260                        Las Vegas, Nevada 89101
Las Vegas, Nevada 89123                                  *Attorneys for Plaintiffs*
*Attorneys for Jacob Theodore Smith*
*And Daily Direct LLC*


**ORDER**

IT IS SO ORDERED as modified by the Court on pages 3 and 5.


DATED:   2/11/2026


DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

5

**Stephanie Forte**

| | |
|---|---|
| **From:** | Stephanie Forte |
| **Sent:** | Friday, February 6, 2026 11:04 AM |
| **To:** | Amanda Nalder |
| **Cc:** | David Sampson; Scott Rasmussen; Valerie Spencer |
| **Subject:** | RE: Strong v. Daily Direct |
| **Attachments:** | Dean - Stipulation re Rule 35 Exam of Plaintiff - 2.5.26.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Hello Amanda,

I can have Dr. Segil's office schedule this for 11:15 a.m. I've updated the stipulation to reflect the same.

Thank you,



STEPHANIE FORTE
PARALEGAL
STONE KALFUS LLP

GEORGIA | CALIFORNIA | UTAH | NEVADA | WYOMING

8965 S. EASTERN AVE, SUITE 260, LAS VEGAS, NV 89123
D: 725.258.3802 | F: 877.736.2601
WWW.STONEKALFUS.COM

This message is directed to and for the use of the intended recipients only and its contents may be privileged or confidential. If the reader of this message is not the intended recipient, any distribution, dissemination, or copy of this message is prohibited. If you received this message in error, please immediately notify the sender and delete it. This message is not intended to and does not constitute an electronic signature or agreement of any kind.

**From:** Amanda Nalder <amanda@davidsampsonlaw.com>
**Sent:** Friday, February 6, 2026 11:00 AM
**To:** Stephanie Forte <stephanie.forte@stonekalfus.com>
**Cc:** David Sampson <david@davidsampsonlaw.com>; Scott Rasmussen <scott.rasmussen@stonekalfus.com>; Valerie Spencer <valerie.spencer@stonekalfus.com>
**Subject:** Re: Strong v. Daily Direct

Stephanie,

Ms. Strong cannot attend at 9am. The earliest she is available is 11am on March 30. If that does not work, please provide at least 3 additional dates that the doctor is available at 11am or later.

Thank you,

**Amanda Nalder, Esq.**
**Law Firm of the Month** (Legal Aid Center of Southern Nevada March 2025)
**Certificate of Special Congressional Recognition** (U.S. Senator Jacky Rosen in recognition of receiving the Myrna Williams Children's Pro Bono Award 2025)
**Certificate of Commendation** (U.S. Senator Catherine Cortez Masto in recognition of receiving the Myrna Williams Children's Pro Bono Award 2025)
**Myrna Williams Children's Award** Nevada Legal Aid 2025

1



# Law Office of David Sampson, LLC

630 S. 3rd Street
Las Vegas, NV 89101
Ph: (702) 605-1099
Fax: (888) 209-4199

Please be advised this E-mail message and any documents accompanying this transmission may contain privileged and/or confidential information and is intended solely for the addressee(s) named above. If you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution, or reliance on the contents of this E-mail information is strictly prohibited. Please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents.

This communication in no way constitutes an attorney/client agreement, and no such attorney/client relationship arises unless and until an attorney/client contract is signed by the attorney and client. Thank you.

On Fri, Feb 6, 2026 at 9:12 AM Stephanie Forte <stephanie.forte@stonekalfus.com> wrote:

Understood. Just let us know, thank you.

STEPHANIE FORTE

PARALEGAL

STONE KALFUS LLP

GEORGIA | CALIFORNIA | UTAH | NEVADA | WYOMING

8965 S. EASTERN AVE, SUITE 260, LAS VEGAS, NV 89123

D: 725.258.3802 | F: 877.736.2601
WWW.STONEKALFUS.COM

This message is directed to and for the use of the intended recipients only and its contents may be privileged or confidential. If the reader of this message is not the intended recipient, any distribution, dissemination, or copy of this message is prohibited. If you received this message in error, please immediately notify the sender and delete it. This message is not intended to and does not constitute an electronic signature or agreement of any kind.

**From:** David Sampson <david@davidsampsonlaw.com>
**Sent:** Friday, February 6, 2026 9:11 AM
**To:** Stephanie Forte <stephanie.forte@stonekalfus.com>; David Sampson <david@davidsampsonlaw.com>
**Cc:** Scott Rasmussen <scott.rasmussen@stonekalfus.com>; Amanda Nalder <amanda@davidsampsonlaw.com>; Valerie Spencer <valerie.spencer@stonekalfus.com>
**Subject:** Re: Strong v. Daily Direct

I have not been told that the client has confirmed. Your point is well taken, the date and time still need to be finalized.

Thanks,

On Fri, Feb 6, 2026 at 9:09 AM Stephanie Forte <stephanie.forte@stonekalfus.com> wrote:

> Thank you, Mr. Sampson. Have you confirmed with you client that 9:00 am on March 30 will work for her?
>
> STEPHANIE FORTE
>
> PARALEGAL

STONE KALFUS LLP

GEORGIA | CALIFORNIA | UTAH | NEVADA | WYOMING

8965 S. EASTERN AVE, SUITE 260, LAS VEGAS, NV 89123

D: 725.258.3802  |  F: 877.736.2601
WWW.STONEKALFUS.COM

This message is directed to and for the use of the intended recipients only and its contents may be privileged or confidential. If the reader of this message is not the intended recipient, any distribution, dissemination, or copy of this message is prohibited. If you received this message in error, please immediately notify the sender and delete it. This message is not intended to and does not constitute an electronic signature or agreement of any kind.

**From:** David Sampson <david@davidsampsonlaw.com>
**Sent:** Friday, February 6, 2026 9:08 AM
**To:** Stephanie Forte <stephanie.forte@stonekalfus.com>; David Sampson <david@davidsampsonlaw.com>

3

**Cc:** Scott Rasmussen <scott.rasmussen@stonekalfus.com>; Amanda Nalder <amanda@davidsampsonlaw.com>; Valerie Spencer <valerie.spencer@stonekalfus.com>
**Subject:** Re: Strong v. Daily Direct

I have one final edit - please add the following as the 6th provision, "Defense counsel will provide the doctor with a copy of this Order, and will assure that the doctor is aware of the requirements herein prior to the examination taking place."

WIth that addition, you may add my e-signature.

Thank you,

On Thu, Feb 5, 2026 at 1:35 PM Stephanie Forte <stephanie.forte@stonekalfus.com> wrote:

Hello,

This has been revised. Please see attached.

Thank you,

STEPHANIE FORTE

PARALEGAL

STONE KALFUS LLP

GEORGIA | CALIFORNIA | UTAH | NEVADA | WYOMING

8965 S. EASTERN AVE, SUITE 260, LAS VEGAS, NV 89123

D: 725.258.3802 | F: 877.736.2601
WWW.STONEKALFUS.COM

This message is directed to and for the use of the intended recipients only and its contents may be privileged or confidential. If the reader of this message is not the intended recipient, any distribution, dissemination, or copy of this message is prohibited. If you received this

message in error, please immediately notify the sender and delete it.  This message is not intended to and does not constitute an electronic signature or agreement of any kind.

**From:** David Sampson <david@davidsampsonlaw.com>
**Sent:** Thursday, February 5, 2026 12:06 PM
**To:** Stephanie Forte <stephanie.forte@stonekalfus.com>; David Sampson <david@davidsampsonlaw.com>
**Cc:** Scott Rasmussen <scott.rasmussen@stonekalfus.com>; Amanda Nalder <amanda@davidsampsonlaw.com>; Valerie Spencer <valerie.spencer@stonekalfus.com>
**Subject:** Re: Strong v. Daily Direct

Paragraphs 5(e) and 5(f) need to have the word "will" included (the doctor will retain . . .  the doctor will produce . . .). The way it is currently written does not make sense.

Thanks,

On Thu, Feb 5, 2026 at 10:44 AM Stephanie Forte <stephanie.forte@stonekalfus.com> wrote:

Hello,

I've made the requested revisions attached. The date of the exam will be March 30, 2026, however, we can adjust the time for your client if needed.

Thank you,

STEPHANIE FORTE

PARALEGAL

STONE KALFUS LLP

GEORGIA | CALIFORNIA | UTAH | NEVADA | WYOMING

8965 S. EASTERN AVE, SUITE 260, LAS VEGAS, NV 89123

D: 725.258.3802  |  F: 877.736.2601
WWW.STONEKALFUS.COM

This message is directed to and for the use of the intended recipients only and its contents may be privileged or confidential. If the reader of this message is not the intended recipient, any distribution, dissemination, or copy of this message is prohibited. If you received this message in error, please immediately notify the sender and delete it. This message is not intended to and does not constitute an electronic signature or agreement of any kind.

**From:** David Sampson <david@davidsampsonlaw.com>
**Sent:** Thursday, February 5, 2026 10:29 AM
**To:** Scott Rasmussen <scott.rasmussen@stonekalfus.com>; David Sampson <david@davidsampsonlaw.com>; Amanda Nalder <amanda@davidsampsonlaw.com>
**Cc:** Valerie Spencer <valerie.spencer@stonekalfus.com>; Stephanie Forte <stephanie.forte@stonekalfus.com>
**Subject:** Re: Strong v. Daily Direct

Here are my proposed edits:

Could you please either remove paragraph 2 or change it to say that the Court found that a controversy exists regarding the physical condition of the Plaintiff?

Could you please edit 5(d) to state, "the Doctor will not require Plaintiff to fill out of sign any paperwork at the time of the examination;"?

Could you please edit 5(e) to state, "The Doctor will retain all handwritten notes, emails sent and received, and all documents generated or received, including draft reports, related to the examination;"?

Could you please edit 5(f) to state, "The Doctor will produce a copy of his entire file of Plaintiff upon request by Plaintiff's counsel;"?

Could you please edit 5(q) to indicate that Plaintiff will notify Defense counsel rather than the doctor?

Could you please remove the reference to an "IME" from paragraph 5(t)? I have addressed this with you multiple times before.

We will confirm whether the time and date works as soon as we can.


Thank you,



On Wed, Feb 4, 2026 at 12:53 PM Scott Rasmussen <scott.rasmussen@stonekalfus.com> wrote:

Dear Mr. Sampson:


Please find attached the proposed stipulation for the Rule 35 of your client, Ms. Strong.  Please review and let me know if you agree with it.  If so, please sign it and return it to us and we will file it with the court.  If you have revisions, please provide those to me.  Thank you.


Best Regards



SCOTT RASMUSSEN
STONE KALFUS LLP


GEORGIA | CALIFORNIA | UTAH | NEVADA | WYOMING



8965 S. EASTERN AVE., STE. 260, LAS VEGAS, NV 89123
D: 725.258.3785 | F: 877.736.2601
VCARD | WWW.STONEKALFUS.COM



This message is directed to and for the use of the intended recipients only and its contents may be privileged or confidential.  If the reader of this message is not the intended recipient, any distribution, dissemination, or copy of this message is prohibited.  If you received this message in error, please immediately notify the sender and delete it.  This message is not intended to and does not constitute an electronic signature or agreement of any kind.

--

**David Sampson, Esq.**

**Certified Personal Injury Specialist** (Nevada Justice Association, State Bar of Nevada)

**Trial Lawyer of the Year** (NRTL 2017)

**Legal Excellence Award** (Vegas Legal Magazine 2019)

**Law Firm of the Month** (Legal Aid Center of Southern Nevada March 2025)

**Certificate of Special Congressional Recognition** (U.S. Senator Jacky Rosen 2025)

**Certificate of Commendation** (U.S. Senator Catherine Cortez Masto 2025)

**Myrna Williams Children's Award** Nevada Legal Aid 2025



# The Law Office of David Sampson, LLC.

630 S. 3rd St.

Las Vegas NV  89101

Phone: (702) 605-1099

Fax: (888) 209-4199

The sender of this confidential communication intends it to be privileged pursuant to applicable law. This email message, including any attachments, may contain material that is confidential, privileged, attorney work product and/or otherwise exempt from disclosure under applicable law, and is intended for the sole use of the intended recipient, regardless of whom it is addressed to. Any receipt, review, reliance, distribution, forwarding, copying, dissemination or other use of this communication by any party other than the intended recipient or its employees, officers and/or agents, without the express permission of the sender is strictly prohibited. If you are not the intended recipient and have received this message, please immediately contact the sender and destroy any and all contents.

This communication in no way constitutes an attorney/client agreement, and no such attorney/client relationship arises unless and until an attorney/client contract is signed by the attorney and client.

Thank you.

--

**David Sampson, Esq.**

**Certified Personal Injury Specialist** (Nevada Justice Association, State Bar of Nevada)

**Trial Lawyer of the Year** (NRTL 2017)

**Legal Excellence Award** (Vegas Legal Magazine 2019)

**Law Firm of the Month** (Legal Aid Center of Southern Nevada March 2025)

**Certificate of Special Congressional Recognition** (U.S. Senator Jacky Rosen 2025)

**Certificate of Commendation** (U.S. Senator Catherine Cortez Masto 2025)

**Myrna Williams Children's Award** Nevada Legal Aid 2025



# The Law Office of David Sampson, LLC.

630 S. 3rd St.

Las Vegas NV  89101

Phone: (702) 605-1099

Fax: (888) 209-4199

Byron L. Ames, Esq. (# 7581)
R. Scott Rasmussen, Esq. (# 6100)
**STONE KALFUS LLP**
8965 S. Eastern Ave., Ste. 260
Las Vegas, NV 89123
Telephone: (702) 800-5413
Facsimile: (877) 736-2601
Byron.Ames@stonekalfus.com
*Attorneys for Jacob Theodore Smith*
*And Daily Direct LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF NEVADA**

| | |
|---|---|
| RYAN DEAN, an individual; and SHANTINA STRONG, an individual<br><br>Plaintiffs,<br><br>v.<br><br>JACOB THEODORE SMITH, an individual, and DAILY DIRECT LLC., a Foreign Limited-Liability Company; DOES I-X; unknown persons, and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | Case No. 2:25-cv-01274-JAD-DJA<br><br><br>**STIPULATION AND ORDER FOR PHYSICAL EXAMINATION OF PLAINTIFF** |

The parties to this action hereby stipulate and agree as follows:

1.  Pursuant to Rule 35 of the Federal Rules of Civil Procedure, the Court may order a party whose mental or physical condition is in controversy to submit to a physical or medical examination by a suitably licensed or certified examiner. See Fed. R. Civ. Proc. 35.

2.  In this case, the Court found that a controversy exists regarding the physical condition of Plaintiff, SHANTINA STRONG ("Plaintiff"), and good cause exists for a physical

1

examination of Plaintiff.

3. A physical examination of Plaintiff will be conducted by Clive Segil, M.D., a licensed physician with a specialty in orthopaedics and physical medicine and rehabilitation. The examination will take place on **March 30, 2026**, beginning at approximately **11:15 a.m.**, at **Radar Medical Group, 2810 W. Charleston Blvd., Suite E47, Las Vegas, Nevada 89102**.

4. The examination will be conducted for the purpose of determining the nature and extent of Plaintiff's physical injuries and the relationship thereof to the claims which are the subject of this litigation, and will consist of all necessary and customary activities required to make such a determination, including but not limited to history of the ailments relating to the claims in this lawsuit, and physical examination and evaluation. No questions will be asked by Dr. Segil beyond those necessary to ascertain Plaintiff's medical condition, as it relates to her claims in this lawsuit.

5. It is also agreed by and between counsel that:

a.    Third parties, excluding Plaintiff's medical observer, may attend the examination;

b.    No invasive or painful procedures will be performed on Plaintiff and no blood will be drawn;

c.    The Doctor and his staff will treat Plaintiff with respect;

d.    The Doctor will not require Plaintiff to fill out or sign any paperwork at the time of the examination;

e.    The Doctor will retain all handwritten notes, e-mails sent and received, and all documents generated or received, including draft reports, related to the examination;

f.    The Doctor will produce a copy of his entire file of Plaintiff upon request by Plaintiff's counsel;

g.    The Doctor will not speak or attempt to engage any family member or friend who

may accompany Plaintiff to their examination;

h.    The Doctor will accurately report his findings and test results;

i.    Defendants' counsel, or any other representatives from the defense, will not attend the examination;

j.    The examination shall not last longer than 45 minutes unless extraordinary circumstances are provided to Plaintiff's counsel in writing – a week prior to the examination – that justifies additional time;

k.    Plaintiff shall not be required to wait in the Doctor's waiting room for longer than 15 minutes, and Defendants ask that Plaintiff timely arrive at least 15 minutes before the examination to ensure her waiting time is minimized;

l.    Liability questions may not be asked by the Doctor or any agent or representative during the examination;

m.    No x-rays or radiographs will be obtained during the examination;

n.    If the Doctor subjects Plaintiff to physical painful or intrusive procedures, Plaintiff reserves the right to immediately terminate the examination;

o.    The Doctor and his staff shall not engage in *ex parte* contact with Plaintiff's treating healthcare providers;

p.    The Defendants will advise the Doctor that his deposition may be taken in this case, and ask that he cooperates with the scheduling of same and comply with any subpoena for documents;

q.    Plaintiff's counsel may arrange to have audio recordings made of the examination, in accordance with FRCP 35(3)-(4), and will notify Defense counsel prior to the examination;

r.    Any expenses for audio, video, and/or stenographic recording during the

examination initiated by Plaintiff are to be borne by the Plaintiff;

s.     If the Plaintiff intends to have an observer present, the Plaintiff's counsel will notify Defendants' counsel who will be present and their relationship to the Plaintiff;

t.     The Defendants will compensate Plaintiff for mileage to and from the Rule 35 Examination;

u.     Counsel for Defendants will provide a copy of Dr. Segil's report to Plaintiff within 30 days of the examination. The report must be a detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses, and conditions. Fed. R. Civ. Proc. 35(b);

v.     Defense counsel will provide the doctor with a copy of this Order, and will assure that the doctor is aware of the requirements herein prior to the examination taking place.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

w.    If a dispute should arise between the parties regarding the examination ground rules as outlined above as 5 (a)-(w), motions shall be filed with the Magistrate Judge, or a Status Conference will be immediately requested.

IT IS SO STIPULATED.

Dated this 6th day of February, 2026.              Dated this 6th day of February, 2026.


STONE KALFUS LLP                            LAW OFFICE OF DAVID SAMPSON, LLC.


/s/ *R. Scott Rasmussen*                          /s/ *David F. Sampson*
Byron L. Ames, Esq.                              David F. Sampson, Esq.
R. Scott Rasmussen, Esq.                          630 S. Third Street
8965 S. Eastern Avenue, Suite 260                  Las Vegas, Nevada 89101
Las Vegas, Nevada 89123                          *Attorneys for Plaintiffs*
*Attorneys for Jacob Theodore Smith*
*And Daily Direct LLC*


**ORDER**

**IT IS SO ORDERED.**


DATED: _____


_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

5